## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 06-** |
| | : | |
| **v.** | : | |
| | : | |
| **MILES N. HOLLOMAN,** | : | **VIOLATIONS:  18 U.S.C. § 371** |
| | : | **(Conspiracy to Commit** |
| | : | **18 U.S.C. § 1029 –** |
| **Defendant.** | : | **Access Device Fraud).** |

## I N F O R M A T I O N

The United States Attorney informs the Court:

### COUNT ONE - CONSPIRACY

#### Introduction

At all times material to this Information:

1.      Nordstrom's Department Store ("Nordstrom's") was a department chain with stores in the greater Washington, D.C. area.

2.      Customers at Nordstrom's could purchase gift cards with cash, credit card, or debit cards.  These gift cards were a form of debit cards that could be used for purchases at Nordstrom's up to the amount of the value that had been previously loaded on the card.  Additional value could be added to the gift cards by means of cash, a credit card, or a bank debit card, and could be accomplished at any Nordstrom's sales counter.

3.      Customers at Nordstrom's were allowed to return merchandise previously purchased with gift cards for cash refunds.

4.      A credit card number is an "access device."

5.      The defendant Miles Holloman lived at 1634 K Street, N.E., Washington, D.C.

## The Conspiracy

6.  From in or about November 2005 to on or about August 1, 2006, in the District of Columbia and elsewhere, the defendant MILES N. HOLLOMAN did unlawfully and knowingly conspire, combine, confederate, and agree with other persons both known and unknown to the United States to commit offenses against the United States, that is, using with the intent to defraud, unauthorized access devices in a way that affected interstate commerce, and by such conduct received things of value in a one-year period in excess of $1,000, that is, approximately $48,320, in violation of 18 U.S.C. §1029(a)(2).

## Goal of the Conspiracy

7.  It was the goal of the conspiracy that defendant MILES N. HOLLOMAN and his co-conspirators would: use other people's credit cards and/or credit or debit card companies' money to load value on to Nordstrom's gift cards; use the gift cards to purchase items from Nordstrom's; and, at times, return the Nordstrom's merchandise for cash.

## Manner and Means

8.  It was a part of the conspiracy that one of the members of the conspiracy would attempt to load a previously-purchased Nordstrom's gift card with value at a sales counter in Nordstrom's. This person would use either an underfunded debit card belonging to the defendant MILES N. HOLLOMAN or a co-conspirator, or would use a credit card belonging to another person without that person's authorization. This first individual may not have the physical gift card; he or she may simply have the gift card number written on a piece of paper.

9.  It was a further part of the conspiracy that in the case where the debit card belonged to the defendant MILES N. HOLLOMAN, then the debit card would not have sufficient money in

2

the account to support the charge.  In this situation, then, another member of the scheme, who has possession of the actual gift card, would near-simultaneously make an purchase of high value luxury items with the physical card in another part of the store.  The purchase with the gift card would be approved, notwithstanding the fact that the first transaction – the attempt to load value onto the gift card – had not yet been completed because for a brief period of time the Nordstrom's gift card would reflect value.  Thus, if the attempt to load the debit card and the purchase on the gift card were made near simultaneously, the Nordstrom's systems would allow the transaction to take place.  Ultimately, the attempt to load value on the Nordstrom's gift card would be denied.  The sales associate serving the gift card transaction would be unaware that, during the course of that transaction, the gift card was used in another part of the store.

10.    It was a further part of the conspiracy that, at times, a member of the conspiracy would use a credit card belonging to another person to load value onto a Nordstrom's gift card.  In this case, the credit card company would generally approve the value added to the Nordstrom's gift card; only later, when the credit card account holder disputed the charge, would the credit card company charge Nordstrom's for the fraudulent amount added to the gift card.  In these cases, then a member of the conspiracy would be able to use the fraudulently loaded gift card for a period of hours or days before the Nordstrom's gift card value was reversed.

11.    It was a further part of the conspiracy that, at times, various members of the conspiracy themselves or others at their request, would return the fraudulently obtained merchandise for cash.

3

**Overt Acts**

In furtherance of the conspiracy and to effect the objects thereof, the defendant MILES N. HOLLOMAN and other members of the conspiracy committed the following overt acts, among others, in the District of Columbia and elsewhere:

12.    On or about November 6, 2005, a member of the conspiracy used, without authorization, credit card # xxxxxxxxxxxx0697 to load a Nordstrom's gift card (identified here as 8161) with $280.

13.    On or about November 6, 2005, a member of the conspiracy used Nordstrom's gift card 8161 to purchase a pair of men's shoes.

14.    On or about August 2, 2006, in the District of Columbia, the defendant MILES N. HOLLOMAN possessed this pair of men's shoes purchased with the fraudulently loaded Nordstrom's gift card 8161.

15.    On or about June 20, 2006, at approximately 4:50 p.m., a member of the conspiracy used the defendant MILES N. HOLLOMAN's debit card # xxxxxxxxxxxx0578 to load a Nordstrom's gift card (identified here as 4594) with $700.  A few minutes later, the authorization to load the value was declined.

16.    On or about June 2.0, 2006, at approximately the same time – 4:50 p.m., another member of the conspiracy used Nordstrom's gift card 4594 to purchase two pairs of sunglasses for a total cost of $698.25.

17.    On or about June 24, 2006, a member of the conspiracy identifying himself as the defendant MILES N. HOLLOMAN and with a identification in the name of Miles Holloman, returned one of the pairs of sunglasses and received a cash refund of $357.00.

4

18.     On or about July 26, 2006, at approximately 4:56 p.m., a member of the conspiracy used, without authorization, credit card # xxxxxxxxxxxx2690 to load a Nordstrom's gift card (identified here as 1870) with $600.

16.     On or about July 26, 2006, at approximately 5:11 p.m., another member of the conspiracy used Nordstrom's gift card 1870 to purchase merchandise for $537.29

17.     On or about August 2, 2006, in the District of Columbia, the defendant MILES N. HOLLOMAN possessed a piece of paper with the credit card # xxxxxxxxxxxx2690, and the account holder's name, address, date of birth, home and work telephone numbers, social security number, and expiration date of the credit card written on the paper.

18.     On or about July 27, 2006, at approximately 12:34 p.m., a member of the conspiracy used, without authorization, credit card # xxxxxxxxxxxx3151 to load a Nordstrom's gift card (identified here as 0998) with $600.

16.     On or about July 27, 2006, at approximately 12:50 p.m., another member of the conspiracy used Nordstrom's gift card 0998 to purchase merchandise for $439.95.

17.     On or about August 2, 2006, in the District of Columbia, the defendant MILES N. HOLLOMAN possessed Nordstrom's gift card 0998.

**(Conspiracy, in violation of Title 18, United States Code, Section 371)**

JEFFREY A. TAYLOR

United States Attorney
for the District of Columbia

By:     _____
VIRGINIA CHEATHAM
Assistant United States Attorney
D.C. Bar # 411980
United States Attorneys Office
Fraud and Public Corruption Section
555 4th Street, N.W.
Washington, D.C.  20530