UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No. 06-311 (RMC) |
| v. : | **FILED** |
| MILES N. HOLLOMAN, : | NOV - 6 2006 |
| Defendant. : | NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |

STATEMENT OF THE OFFENSE

Pursuant to Fed. R. Cr. P. 11, defendant Miles N. Holloman agrees and stipulates as follows:

From November 2005 to August 2006, Miles Holloman and co-conspirators agreed to defraud Nordstrom's department store of thousands of dollars using gift cards issued by that store. Nordstrom's gift cards are essentially a form of debit card that can be used for purchases up to the amount of the value that had been previously loaded in the card. Value can be added to the gift cards by means of cash, a credit card, or a bank debit card, and can be done at any Nordstrom's sales counter. Holloman and others defrauded Nordstrom's by exploiting a defect in the process by which these gift cards are issued.

The conspiracy consisted of the participants loading or attempting to load a Nordstrom's gift card with value, using either a bank debit card with an insufficient balance or an unauthorized credit card. One of the members of the scheme attempted to load a previously-purchased Nordstrom's gift card with value at a sales counter in Nordstrom's Department Store. Prior to this attempt, the gift card only had a minimal value loaded on it. This first individual would not have the physical gift card; rather, he or she simply had the number written on a piece of paper. Second, another member of the conspiracy, who had possession of the actual gift card, would make an purchase of high value luxury items with the physical card in another part of the

store, in an amount near-equal to the amount of value being loaded. The purchase with the gift card would be approved, notwithstanding the fact that the first transaction – the attempt to load value onto the gift card – had not yet been completed. The attempt to load value on the Nordstrom's card by the first member of the scheme might be ultimately declined because the bank debit card or credit card was invalid, or lacked a sufficient balance, or otherwise closed. In the alternative, the credit card would be loaded with value that would be later rescinded. The sales associate serving the gift card loading transaction was unaware that, during the course of that transaction, the gift card was redeemed in another part of the store.

The same or other members of the conspiracy, at times, would then return their fraudulently obtained merchandise for cash, thereby receiving their profit. The conspiracy required well coordinated efforts between at least two members of the conspiracy, as the Nordstrom's gift card could reflect value for only a brief period of time – minutes – prior to the debit or credit card being declined. Thus, if the attempt to load the card and the purchase on the gift card were made near simultaneously, the Nordstrom's systems allowed the transaction to take place.

Holloman was an integral participant in the conspiracy. First, in a number of instances Holloman's own bank debit or credit card was used to attempt to load value onto a Nordstrom's gift card, and that gift card was simultaneously used to fraudulently purchase hundreds of dollars of luxury items. Second, two mobile telephone numbers assigned to him were used to make balance inquiries on at least 36 of the Nordstrom's gift cards used to perpetuate the fraud. Third, Holloman himself returned for a cash refund some of the luxury items fraudulently purchased; he was required to show identification to do so, and the store recorded his name and address at the time of the refund.

Finally, Holloman's place of residence in the District of Columbia was used to store items needed to perpetuate the fraud and fruits gained from execution of the fraud. For example, during a court-authorized search of Holloman's residence in August 2006, agents found: at least two of the Nordstrom's gift cards used in the conspiracy; the Holloman debit card and credit card used to attempt to load value onto the gift cards; slips of paper with names, dates of birth, social security numbers, and credit card numbers of various individuals, including at least two credit card numbers used to attempt to load value onto the Nordstrom's gift cards; multiple pairs of shoes purchased with the fraudulent gift cards; slips of paper with at least one of the Nordstrom's gift card numbers used in the conspiracy; and multiple Nordstrom's receipts.

In sum, from November 2005 to August 2006, Holloman agreed with co-conspirators to use Nordstrom's gift cards and other people's credit cards, in order to enrich themselves. In furtherance of the agreement, Defendant Holloman and co-conspirators committed various overt acts, including possessing Nordstrom's gift cards and other person's identifying information and credit card numbers in the District of Columbia. Defendant Holloman intentionally joined this conspiracy, agreed with others, and he and others committed overt acts, and caused overt acts to be committed, some of which occurred in the District of Columbia, resulting from using unauthorized access devices, in a manner affecting interstate commerce and with the intent to

defraud, through Nordstrom's gift cards, and by such conduct obtaining something of value aggregating to more than $1,000 during a one-year period, that is, value in excess of $48,000.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
for the District of Columbia

By: _____
VIRGINIA CHEATHAM
Assistant U.S. Attorney
Bar No. 411980
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-9732

### DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Fed. R. Cr. P. 11, after consulting with my attorney, I agree and stipulate to this Statement of Offense, and declare under penalty of perjury that it is true and correct.

Date: 10·24·06                         _____
                                        Miles N. Holloman
                                        Defendant

I have discussed this Statement of Offense with my client, Mr. Holloman. I concur with his decision to stipulate to this Statement of Offense.

Date: 10-24-06                         _____
                                        David C. Woll, Esquire
                                        Attorney for the Defendant