

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 26, 2006

David Woll, Esq.
Woll & Woll, P.A.
11501 Georgia Avenue, Suite 201
Wheaton, Maryland 20902

**FILED**

**NOV - 6 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re:   Miles N. Holloman

Dear Mr. Woll:

This letter sets forth the full and complete plea offer to your client, Mr. Miles N. Holloman regarding fraud conducted between November 2005 and August 2006, and in no way addresses or disposes of any criminal liability arising from the seizure of controlled substances in the search of the apartment of 1634 K Street, N.E., Apartment 2, or any crimes relating to those seizures. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereafter "the government" or "this Office" or "USAO-DC"). This plea offer will expire on November 6, 2006. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1.   **Charges:**  Mr. Holloman agrees to waive indictment and plead guilty to a one count Information charging a violation of 18 U.S.C. §371 (conspiracy). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Holloman and will be entered in accordance with Federal Rule of Criminal Procedure 11. Mr. Holloman agrees that the attached "Statement of the Offense" fairly and accurately describes Mr. Holloman's actions and involvement in the conspiracy. It is anticipated that during the Rule 11 plea hearing, Mr. Holloman will adopt and sign the Statement of the Offense as a written proffer of evidence.

2.   **Potential penalties, assessments, and restitution**:  Mr. Holloman understands that the maximum sentence that can be imposed is five years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Mr. Holloman understands that the sentence to be imposed in this case will be determined by the court, guided by the factors enumerated in 18 U.S.C. 3553(a), including a consideration of the guidelines and policies promulgated by the United States

Sentencing Commission, <u>Guidelines Manual</u> (2004) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Mr. Holloman understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose.

    3. **Federal Sentencing Guidelines:** The parties agree that based on the facts currently known to the government, that the following is a correct calculation of all relevant Sentencing Guideline factors for a sentence which would encompass this case and the sentence in criminal case 05-92(RMC):

| § | Section | Description | Level |
|---|---|---|---|
| § 2 | 2B1.1 *(9)* | | |
| | | (a) Base Offense Level | 6 |
| | | (b)(1) Loss in excess of $120,000 | 10 |
| | | (b)(2)(B) more than 50 victims | 4 |
| | | (b)(10)(C)(i) unauthorized use of means of identification unlawfully to produce or obtain any other means of identification | 2 |
| | 2J1.7 | Commission of offense while on release | 3 |
| §3 | | 3B1.1(c) Aggravating role | 2 |
| | | 3E1.1 Acceptance of Responsibility (subject to ¶7) | (-3) |
| | TOTAL | | 24 |

Your client and this Office agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence for defendant Holloman in this case. In the event that this plea offer is either not accepted by Mr. Holloman or is accepted by Mr. Holloman but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

    4. **Criminal History Category**

    Based upon the information now available to this Office, your client's criminal history includes the following:

| Year | Offense | Criminal History Score |
|---|---|---|
| 1998 | UUV, 18 months (imposition of sentence suspended) | 1 |
| 1999 | (arrest) False statements to police officer (P.G. County) | 0 |
| 2000 | (arrest) Credit card theft | 0 |

| | | |
|---|---|---|
| 2000 | (arrest) Theft, possession of marijuana, unlawful possession of credit card, forgery, receiving stolen credit card, false statements to police officer (Montgomery County) | 0 |
| 2001 | Conspiracy to commit access device fraud, 24 months | 3 |
| 2003 | (arrest) Fraud per identity theft (Laurel Police Department) | 0 |
| 2003 | (warrant for arrest) Credit card theft, identity theft (Prince William County, Virginia) | 0 |
| 2004 | Supervised release on Conspiracy revoked, 24 months | 0 |
| | U.S.S.G. Section 4A1.1(d) and (e) (committing the indicted offense (conduct outlined in Cr. No. 05-92) while on supervised release | 2 |
| | U.S.S.G. Section 4A1.1(e) (committing the indicted offense (conduct outlined in Cr. No. 05-92) within two years from release from imprisonment). | 1 |
| | TOTAL | 7 |

In accordance with the above, your client's Criminal History Category is IV. Based upon the calculations set forth above, your client's Sentencing Guidelines range is 77 to 96 months.

5. **Financial Arrangements:** Mr. Holloman agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in 18 U.S.C. § 3013; he also agrees to pay restitution in the amount of $48,320 for the Nordstrom gift card offense. Mr. Holloman also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

6. **Government Concessions:** In exchange for his guilty plea, the government agrees not to oppose a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, provided that Mr. Holloman continues to show his acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Mr. Holloman in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense. This agreement not to prosecute Mr. Holloman does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). Likewise, this agreement not to prosecute Mr. Holloman does not extend to any charge which may be brought against him relating to narcotics.

7. **Reservation of Allocution**: The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Mr. Holloman's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

8. **Breach of Agreement**: Mr. Holloman agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. Moreover, if during an investigation or prosecution Mr. Holloman should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute him for these offenses to the fullest extent provided by law. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Holloman's release (for example, should Mr. Holloman commit any conduct after the date of this agreement that would form the basis for an increase in Mr. Holloman's offense level or justify an upward departure -- examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Holloman will not have the right to move to withdraw the guilty plea; (c) Mr. Holloman shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Mr. Holloman, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

In the event of a dispute as to whether Mr. Holloman has breached this agreement, and if Mr. Holloman so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

9. **USAO-DC's Criminal Division Bound**: Mr. Holloman understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal

prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Holloman. It also does not bar any prosecution for narcotics recovered from 1634 K Street, N.E. on August 2, 2006.

10. **Complete Agreement:** No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Holloman, Mr. Holloman's counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Holloman may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Holloman and his counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: VIRGINIA CHEATHAM
Assistant United States Attorney

I have read this plea agreement, consisting of six pages, and have discussed it with my attorney. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: NOV. 2. 2006

_____
Miles N. Holloman
Defendant

I have read each of the six pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: Nov 2, 2006

_____
David Woll, Esquire
Attorney for the Defendant