AO 245B  (Rev. 06/05) (Rev. DC 12/15/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## for the District of Columbia

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE **FILED** |
|---|---|
| V. | |
| MILES N. HOLLOMAN | Case Number: 06-311 |
| | **JAN 2 6 2007** |
| | USM Number: 21822-016 |
| | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |
| | David Woll, Esqire |
| | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   one of the indictment in CR 05-92 and count one of the information in CR 06-311.

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 371 | CR 05-92: Conspiracy | September 2003 | One |
| 18 USC 371 | CR 06-311: Conspiracy to Commit 18 USC 1029 Access Device Fraud | August 1, 2006 | One |

   The defendant is sentenced as provided in pages 2 through __12__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)  count two in CR 05-92    is/are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 19, 2007
Date of Imposition of Judgment

/s/ Rosemary M. Collyer
Signature of Judge

Rosemary M. Collyer          U.S. District Court Judge
Name of Judge                Title of Judge

Jan 26, 2007
Date

AO 245B    (Rev. 06/05) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page __2__ of __13__

DEFENDANT: MILES N. HOLLOMAN
CASE NUMBER: 05-92 & 06-311

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

In CR 05-92, the defendant shall be imprisoned for a term of 77 months on count one of the indictment. In CR 06-311, the defendant shall be imprisoned for a term of 77 months on count one of the information. The terms of imprisonment shall be served concurrently

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant participate in the Bureau of Prison's 500-hour drug treatment program. The Court also recommends that the defendant be housed as close to Washington, DC as possible, and that he participate in mental health counseling.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page **3** of **13**

DEFENDANT: MILES N. HOLLOMAN
CASE NUMBER: 05-92 & 06-311

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Upon release from imprisonment, the defendant shall be subject to supervised release for a term of three years as to count one in CR 05-92 & 06-311 with conditions. The terms of supervised release shall be served concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [ ] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

DEFENDANT: MILES N. HOLLOMAN
CASE NUMBER: 05-92 & 06-311

Judgment—Page 4 of 13

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall participate in, and successfully complete, a residential and/or out-patient substance abuse treatment program, which may include drug testing and detoxification service, as approved and directed by the Probation Office.

The defendant shall provide the Probation Office with his income tax returns, authorization for release of credit information, and any other business or financial information in which he has a control or interest.

The Probation Office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court. Treatment agencies shall return the presentence report to the Probation Office upon the defendant's completion or termination from treatment.

The defendant has the right to appeal the sentence imposed by this Court. If the defendant chooses to appeal, the defendant must do so within 10 days after the Court has entered judgment in this case. If the defendant is unable to afford the cost of an appeal, the defendant may request permission from the Court to file an appeal in forma pauperis - that is, without any cost to him.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
            Sheet 5 — Criminal Monetary Penalties

Judgment — Page  5  of  13

DEFENDANT: MILES N. HOLLOMAN
CASE NUMBER: 05-92 & 06-311

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 200.00       | $ 0.00   | $ 117,087.00    |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| DISCOVER FINANCIAL SERVICES (CR05-92) | | | |
| P.O. BOX 20943 | | | |
| SALT LAKE CITY, UT | $1,802.00 | $1,802.00 | |
| AMERICAN EXPRESS COMPANY (CR 05-92) | | | |
| 6712 WASHINGTON AVE. STE 210 | | | |
| EGG HARBOR TOWNSHIP, NJ 08234 | | | |
| ATTN: PETER BORESKY | $69,124.00 | $69,124.00 | |
| SPRINT CORPORATE SECURITY (CR 05-92) | | | |
| c/o REGIONAL SECURITY MANAGER PAUL BASS | | | |
| 6480 SPRING PARKWAY | | | |
| OVERLAND PARK, KS 66251 | $2,310.00 | $2,310.00 | |
| TOTALS | $ 92,682.00 | $ 92,682.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 5A — Criminal Monetary Penalties

Judgment—Page  6  of  13

DEFENDANT: MILES N. HOLLOMAN
CASE NUMBER: 05-92 & 06-311

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The special assessment fee is due immediately and shall be paid to the Clerk of the Court for the US District Court, District of Columbia.

The Court finds that the defendant does not have the ability to pay a fine and, therefore, waives imposition of a fine in this case. No alternative sanctions are imposed.

The defendant shall pay the balance of any restitution owed at a rate of no less than $150.00 each month and provide verification or payments to the Probation Office.

Judgment—Page __7__ of __13__

DEFENDANT: MILES N. HOLLOMAN
CASE NUMBER: 05-92 & 06-311

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| CINGULAR WIRELESS (CR 05-92) | | | |
| C/O DON JONES, DIRECTOR | | | |
| SUBPOENA COMPLIANCE | | | |
| 5600 GLENRIDGE DRIVE, SUITE G418 | | | |
| ATLANTA, GEORGIA 30342 | $3,641.00 | $3,641.00 | |
| SAKS INC. (CR 05-92) | | | |
| ATTN: MADHU KHIANI | | | |
| 900 COMMERICE DRIVE, SUITE 310 | | | |
| OAK BROOK, IL 60523 | $2,442.00 | $2,442.00 | |
| CITIGROUP INVESTIGATIVE SVCS. (CR 05-92) | | | |
| FRAUD INVESTIGATIONS | | | |
| 14700 CITICORP DRIVE | | | |
| BUILDING 2, 1ST FLOOR | | | |
| HAGERSTOWN, MD 21742 | $7,146.00 | $7,146.00 | |
| PNC BANK (FORMERLY RIGGS BANK) (CR 05-92) | | | |
| 500 FIRST AVENUE | | | |
| PITTSBURG, PA 15219 | $1,416.00 | $1,416.00 | |
| HSBC BANK (BEST BUY) (CR 05-92) | | | |
| 90 CHRISTIANA ROAD | | | |
| NEW CASTLE, DE 19720 | $2,643.00 | $2,643.00 | |
| CHEVY CHASE BANK (CR 05-92) | | | |
| 6200 CHEVY CHASE DRIVE | | | |
| LAUREL, MD 20707 | $1,549.00 | $1,549.00 | |
| WACHOVIA (CR 05-92) | | | |
| 401 MARKET STREET, 11TH FLOOR | | | |
| PHILADELPHIA, PA 19106 | $609.00 | $609.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 5B — Criminal Monetary Penalties

Case 1:06-cr-00311-RMC   Document 8   Filed 01/26/2007   Page 8 of 9

DEFENDANT: Miles N. Hollowman
CASE NUMBER: 05-92 & 06-311

Judgment—Page 7A of 13

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| CHASE MANHATTEN BANK (CR 05-92) | | | |
| 1 CHASE MANHATTEN PLAZA | | | |
| 20TH FLOOR | | | |
| NEW YORK, NY 10081 | $9,138.00 | $9,138.00 | |
| BANK OF AMERICA (CR 05-92) | | | |
| ATTN: VALERIE DUNAGIN | | | |
| P.O. BOX 2218 | | | |
| PURCEVILLE, VA 20134 | $5,618.00 | $5,618.00 | |
| NORDSTROM (CR 06-311) | | | |
| P.O. BOX 79137 | | | |
| PHOENIX, AZ 85062 | $45,335.00 | $45,335.00 | |
| AMERICAN EXPRESS COMPANY (CR 06-311) | | | |
| 6712 WASHINGTON AVE, STE 210 | | | |
| EGG HARBOR TOWNSHIP, NJ 08234 | | | |
| ATTN: PETER BORESKY | $1,520.00 | $1,520.00 | |
| SUN TRUST BANK (CR 06-311) | | | |
| 7474 CHANCELLOR DRIVE | | | |
| ORLANDO, FLORIDA 32809 | $495.00 | $495.00 | |
| PURPOSE CARD (CR 06-311) | | | |
| P.O. BOX 105324 | | | |
| ATLANTA, GA 30343 | $500.00 | $500.00 | |
| CITIBANK | | | |
| C/O CITIGROUP INVESTIGATIVE SERVICES | | | |
| 14700 CITICORP DRIVE | | | |
| BUILDING 2, 1ST FLOOR | | | |
| HAGERSTOWN, MD 21742 | $470.00 | $470.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

DEFENDANT: MILES N. HOLLOMAN
CASE NUMBER: 05-92 & 06-311

Judgment—Page 9 of 13

## ADDITIONAL FORFEITED PROPERTY

The Court orders the Consent Order of Forfeiture signed in June of 2005 to be executed against the defendant.